RECEIVED
2005 JUN -8 A 10:04
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| G. H., a Minor, by his mother Juanita Corbett as his next friend and Juanita Corbett<br>        Plaintiffs<br>v.<br><br>ELMORE COUNTY BOARD OF EDUCATION;<br>MARSHALL ANDERSON, in his Individual and official capacity as Special education coordinator<br>ALABAMA DEPARTMENT OF EDUCATION; MABREY WHETSTONE in his official capacity as State Director of Special Education Services; DOE DEFENDANTS 1-5<br>        Defendants | Case No. CV 2:05CV541-T |

## COMPLAINT
### Parties

1. Plaintiff G. H. is a minor and is the son of Plaintiff Juanita Corbett. G. H. is mentally retarded. He is a resident of Elmore County Alabama and is enrolled in the Elmore County School system.

2. Plaintiff Juanita Corbett is the mother of G. H.. She is an adult resident of Elmore County Alabama and at all times relevant hereto she has been the custodial parent of G. H.

3. Defendant Elmore County Board of Education (hereinafter "Elmore County Board") is now, and has been at all times material to this action, a local board of education located within the Northern Division of the Middle District of Alabama.

4. Defendant Marshall Anderson is an adult and is an employee of the Elmore County Board of Education, serving in the capacity of Special Education Coordinator or Director of Special Education. In his capacity as Director of Special Education he is the agent of the Elmore County Board responsible for oversight and supervision of all special education programs provided by the Elmore County Board. He is sued in his individual and in his official capacity.

5. Defendant Alabama Department of Education ( hereinafter the "State Department") is the state entity charged with duty to implement an educational

1

program for students with disabilities pursuant to Alabama Code 16-2-1, 16-39-1. and 20 U.S. C. §1400 *et seq.*.

6. Mabrey Whestone is the State Director of Special Education and is responsible for oversight and administration of all special education programs in the State of Alabama. In his capacity as State Director of Special Education he is the agent of the State Department. He is sued in his official capacity.

7. Doe Defendants 1-5 are those individual employees responsible for oversight and supervision of special education services for GH and whose names and/or positions are unknown at this time but will be added by amendment when identified.

## Jurisdiction & Venue

8. Jurisdiction in this matter is based on, the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq* (hereinafter "IDEA") .; Title II of the Americans with Disabilities Act of 1990, 41 U.S.C. §12101 (hereinafter the ADA); The Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter §504); 42 U.S.C. §1983; 42 U.S.C. §1988; The United States Constitution; 28 U.S.C. §1331; and the Alabama Exceptional Children's Education Act, Ala. Code §16-39-1 *et seq.*.

9. Venue is appropriate under 28 U.S.C. 1391(b).

## Facts

10. Plaintiff G.H. is a minor child and is a qualified individual with a disability as defined by the following statutes: the Alabama Exceptional Children's Education Act, the ADA, IDEA and Section 504 .

11. G. H. has been enrolled in the Elmore County school system since 2000 and has been classified as a special education student since his enrollment.

12. The Elmore County Board is a governmental entity for the purposes of 42 U.S.C. §1983 and 1988. Elmore County is required to provide special education and related services to students with disabilities within its jurisdiction pursuant to the ADA, IDEA and Section 504.

13. The Elmore County Board is a recipient of federal financial assistance to aid in the provision of special education and other educational services to students with disabilities under the supervision and control of the State Department.

14. The State Department is the agency ultimately responsible for providing special education services and has delegated that responsibility to local education agencies (hereinafter "LEA") and is responsible for providing oversight and supervision of those activities by local agencies.

15. At all times material hereto, Defendants individually and jointly acted under color of state law.

16. On or about November 27, 2002 the plaintiff filed a due process hearing request with the State Department and against the Elmore County Board for violations of IDEA and Section 504. A decision was entered in that case following a hearing on April 1, 2003. That decision is attached hereto as Exhibit A and the contents thereof are incorporated herein by reference.

17. On or about July 12, 2004 the plaintiff filed a second due process hearing request with the State Department and against the Elmore County Board in an attempt to force the Board to comply with the first order of the hearing officer in the prior case. The hearing officer pursuant to an agreement of the parties entered a second order in that case. That decision is attached hereto as Exhibit B and the contents thereof are incorporated herein by reference.

18. Plaintiff has exhausted her administrative remedies in this case and/or further administrative proceedings would be patently futile.

19. Following a determination in the first case that the educational benefit being conferred on the child was *de minimus* and that the system had no meaningful curriculum in place for this student, the hearing office required the school system to take certain actions including, but not limited to, the following:

   a. Put in place an independent educational placement team to construct an IEP with measurable outcomes designed to prepare the Petitioner for life after school;
   b. Include in the IEP a transition component and a functional foundation incorporating community-based education;
   c. Consult with appropriate outside individuals to develop such a program; and,
   d. Consult with an occupational therapist to determine activities necessary for petitioner to live and work independent as possible and incorporate those activities in the student's IEP.

20. Following a determination in the second case that the system had failed to comply with the first order, the hearing office required the school system to take certain actions including, but not limited to, the following:

3

    a. Employ an expert to develop a functional life skills program for the Petitioner as previously ordered and to develop a curriculum that would meet the educational needs of the petitioner;
    b. Complete a transition assessment to be used by the expert to develop program goals for the Petitioner;
    c. Identify experiences, locations, activates and job development sites in the community;
    d. Identify in writing the functional daily life skills needed for Petitioner;
    e. Identify in writing the employment development skills that are needed for the Petitioner;
    f. Identify in writing the community based sites where functional daily living skills will be taught a minimum of three times per week;
    g. Identify in writing the job sites where employment skills are to be taught a minimum of three times per week;
    h. Provide a job coach with a background in vocational rehabilitation to work with Petitioner and to coordinate transition activities;
    i. Hold weekly meetings between the expert and the job coach to develop the curriculum;
    j. Provided for monitoring and reporting by the designated expert to all parties to include identification of the locations of the community activities and job activities described in part and hereinabove;
    k. Provide for in-service including weekly meetings with the expert in Auburn; and
    l. Provided for compensatory services to the petitioner.

21. The Defendants were ordered to comply with this order within 30 days of the date thereof. The defendants have failed to comply with both of the hearing officer's decisions in material respects.

22. Defendants State Board and Elmore County Board have not offered a program designed to meet G.H.'s individual needs and/or which conforms to the requirements of these orders. The defendants' violations of the Plaintiffs rights are continuing and ongoing.

23. As a result of the due process hearing decisions, and as a result of clearly established law, defendant(s) are liable to the petitioner for their conduct as set forth hereinafter.

24. The State Board and Defendant Whetstone have failed to develop and effectuate policies and procedures which ensure that due process hearing orders are complied with and they therefore have failed in their responsibilities to assure that the LEA's meet the requirements of 20 U. S. C. 1400 *et seq.* and/or the requirements of state law.

4

25. The Elmore County Board and Defendant Anderson have failed to develop and effectuate policies and procedures that ensure that due process hearing orders are complied with and they therefore have failed to meet the requirements of 20 U.S.C. §1400 *et seq.* and/or the requirements of state law.

26. The actions of the Elmore County Board, defendant Anderson and John Doe's 1-5, were committed negligently, intentionally, knowingly, maliciously, in bad faith and/or with deliberate indifference or reckless disregard for the Plaintiff's state and federally protected rights.

## Count I: IDEA Violations

27. Plaintiff adopts and incorporates by reference paragraphs 1-26 hereinabove.

28. Defendants Elmore County Board, Marshall Anderson and Doe Defendants 1-5 have failed to ensure the implementation of the decisions of the hearing officer described in paragraph 19 and 20 hereinabove.

29. Defendants Elmore County Board, Marshall Anderson and Doe Defendants 1-5 have failed to provide personnel with the requisite background and training to implement the decisions of the hearing officer set forth hereinabove.

30. Defendants Elmore County Board, Marshall Anderson and Doe Defendants 1-5 have failed to allocate sufficient personnel to implement the decisions of the hearing Officer set forth hereinabove.

31. Defendants Elmore County Board, Marshall Anderson and Doe Defendants 1-5 have failed to address alleged behavioral issues and have excluded the student from school repeatedly effectively requiring Juanita Corbett to allocate her time during the day to the care and education of G.H. to the exclusion of other activities.

32. Plaintiffs have been required to incur attorney's fees and other costs in connection with prosecution of these two due process hearing complaints. Since the issuance of the second decision, Plaintiff's attorney has worked without compensation in an attempt to analyze and resolve issues arising out of the Defendants failure described hereinabove.

33. Defendant State Board and Whetstone have failed to monitor and oversee the implementation of the hearing officer's decisions. The State Board and Whetstone have the duty to either ensure that the services are being provided or to provide those services themselves. They have failed to do either in this case.

## Count II: Rehabilitation Act

34. Plaintiff adopts and incorporates by reference paragraphs 1-33 hereinabove.

35. Defendants have intentionally, purposefully and in bad faith, violated the rights of Plaintiff secured by Section 504 of the Rehabilitation Act of 1973 *as amended*, 29 U.S.C. §794 and implementing regulations.

36. Defendants have denied Plaintiff, on the basis of his disabilities, the opportunity to participate in and benefit from federally assisted academic and nonacademic services and school activities, in violation of 29 U.E.C. §794(a) and implementing regulations.

37. Defendants have subjected Plaintiff to discrimination on the basis of his disability in violation of 29 U.S.C. §794(a) and implementing regulations.

### Count III : ADA

38. Plaintiff adopts and incorporates herein by reference paragraphs 1-37.

39. Title II of the ADA and the regulations promulgated thereunder governing state and local governmental entities protect persons from discrimination by public entitles on the basis of disability. The ADA prohibits the exclusion from participation in, or being denied the benefits of, the services, programs or activities of the public entity, or being subject to discrimination by such entity.

40. The practices described hereinabove, including but not limited to, refusing to implement the decisions of the hearing officer, and the refusal to allow this student full and equal access to the public educational programs and activities offered with the Elmore County Board, violate the plaintiff's rights under 42 U.S.C. §12132 and implementing regulations.

### Count IV: Federal Constitutional Claims

41. Plaintiff adopts and incorporates herein by reference paragraphs 1-40.

42. Defendants have violated the student's rights under the 14th Amendment to the United States Constitution which provides that citizens shall not be deprived of liberty or property without due process of law.

43. Plaintiff has a liberty interest associated with mandatory school attendance laws and a property interest in a public education pursuant to the Alabama Exceptional Children's Act.

44. The Plaintiff's procedural due process rights have been violated as a result of the failure of the Elmore County Board, Marshall Anderson, the State Department

and Mabrey Whetstone's failure to monitor and oversee the implementation of the due process hearing orders issued in this case.

45. The Plaintiff's substantive due process rights have been violated as a result of the failure to the Elmore County Board, Marshall Anderson, the State Department and Mabrey Whetstone's failure to develop policies and procedures for monitoring and enforcement of due process hearing decisions such as the ones issued in this case.

### Count V: Declaratory Judgment

46. Plaintiff adopts and incorporates herein by reference paragraphs 1-45.

47. Plaintiff seeks herein a declaratory judgment that the defendants are in violation of the decisions of the hearing officer cited hereinabove and a mandatory injunction requiring them to act to remedy the deficiencies identified hereinabove.

**Prayer for Relief**

**WHEREFORE, THE PREMISES CONSIDERED,** the Plaintiffs request the following relief:

  A. That the Court assume Jurisdiction in this case;
  B. That the Court enter a declaratory judgment finding that the Defendants are in material violation of the orders of the hearing officer;
  C. That the Court enter an order finding that the defendants have violated IDEA, the ADA and Section 504 as well as the due process clause of the U. S. Constitution.
  D. That the Court find that the actions of the Defendants have violated the Plaintiff's rights under 42 U. S. C. 1983.
  E. Order the Defendants to construct and implement a community based employment and life skills curriculum as set forth hereinabove.
  F. Order the defendants to place the Plaintiff at public expense at a private or public school which currently has such a program and to continue such placement until the Court is satisfied that the program described hereinabove is in place in the Elmore County system.
  G. Order the defendants to develop and implement a monitoring and oversight procedure to ensure implementation of due process hearing decisions;
  H. Enter an award of compensatory damages to the mother for the time she has been required to dedicate to the student during the school days when he otherwise should have been in school, for the transportation expenses incurred and for any other losses or expenditures arising from the defendants' conduct;
  I. Enter an award of further compensatory services to the student;
  J. Award Plaintiffs' attorney fees and costs pursuant to 20 U.S.C. § 1415, 29 U.S.C. 794 and 42 U.S.C. §1988.

7

K. Award such other further relief deemed appropriate by this Honorable Court.

Respectfully submitted on this the 8th of June, 2005.

*/s/ M.D. Pack*

Susan Shirock DePaola
1726 West Second Street~Suite B
Montgomery, Alabama  36106
334-262-1600
ASB: 7431-L75S

*/s/ Sharon K Yates*

Sharon Gilbert Yates
454 South Decatur Street
Montgomery, Alabama  36104
334-264-7098
ASB: 3652-A64S