IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| G.H., a minor, by his mother, Juanita Corbett as his next friend, and JUANITA CORBETT, | : | |
| Plaintiffs, | : | |
| -vs- | : | Case No. 2:05-cv-541-T |
| ELMORE COUNTY BOARD OF EDUCATION, et al., | : | |
| Defendants. | : | |

# ANSWER ON BEHALF OF DEFENDANTS ELMORE COUNTY BOARD OF EDUCATION AND MARSHALL ANDERSON TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Elmore County Board of Education and Marshall Anderson (hereinafter referred to collectively as "these Defendants"), by and through their counsel of record, and respond separately and severally, to the Plaintiffs' *Complaint* as follows:

## FIRST DEFENSE

All or part of Plaintiffs' claims are barred by the applicable statute of limitations.

## SECOND DEFENSE

The Plaintiffs' *Complaint* fails to state a claim against these Defendants upon which relief can be granted.

## THIRD DEFENSE

The Plaintiffs' *Complaint* fails to state a claim against these Defendants upon which relief can be granted under 42 U.S.C. § 1983.

## FOURTH DEFENSE

All of Plaintiffs' claims in the *Complaint* which were not set forth in the request(s) for due process are barred as plaintiffs have not exhausted all available administrative remedies.

## FIFTH DEFENSE

Defendant Anderson is entitled to qualified immunity with regard to claims asserted against him in his individual capacity. Qualified immunity is a question of law to be determined by the Court prior to trial. *Lassiter v. Alabama A & M University Board of Trustees*, 28 F.3d 1146, 1149 (11th Cir.

1994); *Courson v. McMillan*, 939 F.2d 1479, 1486 (11th Cir. 1991); *Gorman v. Roberts*, 909 F.Supp. 1493, 1504 (M.D. Ala. 1995). The Eleventh Circuit Court of Appeals has explained the court's consideration of qualified immunity as follows:

> Unless a government agent's act is so obviously wrong, in light of the pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit. (Citations omitted). Because qualified immunity shields government actors in all but the exceptional cases, courts should think long and hard before stripping defendants of immunity. *Lassiter*, 28 F.3d at 1149.

"Qualified immunity usually protects government actors in their individual capacities from civil claims against them, provided that their challenged discretionary conduct does not violate clearly established federal law." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1184-85 (11th Cir. 1994). "'Objective legal reasonableness is the touchstone by which the conduct of a governmental actor must be measured to determine if qualified immunity is applicable." *Hill*, 40 F.3d at 1185. Under the Supreme Court's opinion in *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982), "[t]he official's action must be evaluated against clearly established law, consisting of statutory or constitutional rights that a reasonable person should have known." *Courson*, 939 F.2d at 1487.

In the present case, Anderson's actions regarding educational services provided to G.H. are within the line and scope of his duties as Director of Special Education. Any actions taken by Anderson were taken in good faith, pursuant to his discretionary authority and his conduct did not violate any clearly established constitutional rights about which a reasonable person would have known. Accordingly, Defendant Anderson is entitled to qualified immunity.

### SIXTH DEFENSE

When individual teachers and school administrators, such as Defendant Anderson, are sued in their official capacities, they are considered officers of the board of education. *See Godby v. Montgomery Co. Bd. of Educ.,* 996 F.Supp. 1390, 1403 (M.D. Ala. 1998). The Plaintiffs' claims against the individual educator Defendant in his official capacity is due to be dismissed. "Claims against officers in their official capacity are 'functionally equivalent' to claims against the entity that they represent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Further, the *Busby* Court held that such claims would be "redundant and possibly confusing to the jury." *Id.*

Consequently, Defendant Anderson is entitled to a dismissal of all claims against him in his official capacity.

### SEVENTH DEFENSE

Plaintiffs' claims pursuant to the Americans with Disabilities Act against Defendant Anderson in his individual capacity are due to be dismissed. In *Mason v. Stallings*, 82 F.3d 1007 (11th Cir. 1996), the court held "that the Disabilities Act does not provide for individual liability, only for employer liability." *Id.* at 1009. *See also, Prichard v. Southern Company Services*, 102 F.3d 1118 (11th Cir. 1996).

### EIGHTH DEFENSE

The Plaintiffs' claims pursuant to the Americans with Disabilities Act against Defendant Anderson in his official capacity are due to be dismissed. The official capacity claims against Defendant Anderson is redundant and unnecessary in as much as the Elmore County Board of Education is a named Defendant and the ADA provides only for employer liability. *See Mason v. Stallings*, 82 F.3d 1007, 1008 (11th Cir. 1996). *See also Blalock v. Dale Co. Board of Education*, 84 F.Supp.2d 1291, 1314 (M.D. Ala. 1999); *Blalock v. Dale Co. Board of Education*, 33 F.Supp.2d. 995, 998 (M.D. Ala. 1998).

### NINTH DEFENSE

The Plaintiffs' claims against Defendant Anderson in his individual and official capacities pursuant to the Rehabilitation Act are due to be dismissed. In *Prichard v. Southern Company Services*, the court held that the plaintiff's "remedy for any discrimination she may have suffered on account of her alleged disability lies against her employer, not individual officers of her employer." *Prichard v. Southern Company Services*, 102 F.3d 1118 (11th Cir. 1996). *See also Blalock v. Dale Co. Board of Education*, 84 F.Supp.2d 1291, 1314 (M.D. Ala. 1999); *Blalock v. Dale Co. Board of Education*, 33 F.Supp.2d. 995, 998 (M.D. Ala. 1998).

### TENTH DEFENSE

The Defendant Anderson is entitled to qualified/discretionary function immunity with regard to any state law claims asserted by the Plaintiffs.

### ELEVENTH DEFENSE

The Elmore County Board of Education is an agency of the State of Alabama and as such enjoys sovereign immunity based upon Article I, §14 of the *Constitution of Alabama* (1901). As the result, this Defendant is immune from suit where the allegations of same are predicated upon alleged tort liability. *Belcher v. Jefferson County Board of Education*, 474 So.2d 1063, 1065 (Ala. 1985); *Hutt v. Etowah County Board of Education*, 454 So.2d 973, 974 (Ala. 1984). Consequently, all state law claims for damages as set forth in Plaintiffs' Complaint are barred by said doctrine and the Plaintiffs' claims and/or allegations relating to the Elmore County Board of Education as found in the Complaint are due to be dismissed. Defendant Anderson sued in his official capacity, likewise is entitled to sovereign immunity. All claims for state law tort damages are due to be dismissed.

### TWELFTH DEFENSE

Defendant Anderson is not an employer as that term is defined pursuant to the Americans with Disabilities Act, and/or the Rehabilitation Act.

### THIRTEENTH DEFENSE

No claim under § 504 of the Rehabilitation Act of 1973 can be brought against an individual, and thus, the claims in Plaintiffs' *Complaint* alleging violations of § 504 by Defendant Anderson are due to be dismissed.

### FOURTEENTH DEFENSE

Defendant Anderson cannot be held liable under Section 504 of the Rehabilitation Act since he is not a recipient of federal funds.

### FIFTEENTH DEFENSE

Plaintiffs' claims against Defendant Anderson in his official capacity is redundant of their claims against the Elmore County Board of Education

### SIXTEENTH DEFENSE

These Defendants plead the defense of Eleventh Amendment immunity, stating that the Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, and the defense of sovereign immunity.

### SEVENTEENTH DEFENSE

To the extent the Plaintiffs claim these Defendants have lost their Eleventh Amendment immunity due to acceptance of federal funds (such as arguing a contractual relinquishment of Eleventh Amendment immunity), these Defendants say that their loss of immunity and, hence, their total possible liability here, would be the consideration given by the federal government, namely the amount of federal funds received by the Elmore County Board of Education, the only federal funds recipient among all the parties.

### EIGHTEENTH DEFENSE

These Defendants say the Plaintiffs have failed to mitigate damages.

### NINETEENTH DEFENSE

For response to each numbered paragraph of the Plaintiffs' *Complaint*, these Defendants aver as follows:

#### Parties

1.  These Defendants admit the allegations as contained in paragraph 1 of the Plaintiffs' *Complaint*.

2.  These Defendants admit the allegations as contained in paragraph 2 of the Plaintiffs' *Complaint*.

3.  These Defendants admit the allegations as contained in paragraph 3 of the Plaintiffs' *Complaint*.

4.  These Defendants deny the allegations as contained in paragraph 4 of the Plaintiffs' *Complaint*.

5.  No response is required of these Defendants. However, to the extent a response is required, these Defendants deny the allegations as contained in paragraph 5 of the Plaintiffs' *Complaint*.

6.  No response is required of these Defendants. However, to the extent a response is required, these Defendants deny the allegations as contained in paragraph 6 of the Plaintiffs' *Complaint*.

7. No response is required of these Defendants. However, to the extent a response is required, these Defendants deny the allegations as contained in paragraph 7 of the Plaintiffs' *Complaint*.

## Jurisdiction & Venue

8. These Defendants do not contest jurisdiction.

9. These Defendants do not contest that venue is proper as alleged in paragraph 9 of the Plaintiffs' *Complaint*.

## Facts

10. These Defendants deny the allegations as contained in paragraph 10 of the Plaintiffs' *Complaint*.

11. These Defendants admit the allegations as contained in paragraph 11 of the Plaintiffs' *Complaint*.

12. These Defendants admit the allegations as contained in paragraph 12 of the Plaintiffs' *Complaint*.

13. These Defendants admit the allegations as contained in paragraph 13 of the Plaintiffs' *Complaint*.

14. No response is required of these Defendants. However, to the extent a response is required, these Defendants deny the allegations as contained in paragraph 14 of the Plaintiffs' *Complaint*.

15. These Defendants deny the allegations as contained in paragraph 15 of the Plaintiffs' *Complaint*.

16. These Defendants admit the allegations as contained in paragraph 16 of the Plaintiffs' *Complaint*.

17. With regard to the allegations as contained in paragraph 17 of the Plaintiffs' *Complaint*, these Defendants deny the Plaintiff filed a due process hearing in "an attempt to force the Board to comply with the first order of the hearing officer in the prior case." However, the remaining allegations as contained in paragraph 17 are admitted.

18. These Defendants deny the allegations as contained in paragraph 18 of the Plaintiffs' *Complaint*.

19. With regard to the allegations as contained in paragraph 19 of the Plaintiffs' *Complaint*, these Defendants deny the Plaintiff "had no meaningful curriculum in place of this student." However, the remaining allegations as contained in paragraph 19 are admitted.

20. These Defendants admit the allegations as contained in paragraph 20 of the Plaintiffs' *Complaint*.

21. These Defendants deny the allegations as contained in paragraph 21 of the Plaintiffs' *Complaint*.

22. These Defendants deny the allegations as contained in paragraph 22 of the Plaintiffs' *Complaint*.

23. These Defendants deny the allegations as contained in paragraph 23 of the Plaintiffs' *Complaint*.

24. No response is required of these Defendants. However, to the extent a response is required, these Defendants deny the allegations as contained in paragraph 24 of the Plaintiffs' *Complaint*.

25. These Defendants deny the allegations as contained in paragraph 25 of the Plaintiffs' *Complaint*.

26. These Defendants deny the allegations as contained in paragraph 26 of the Plaintiffs' *Complaint*.

## COUNT I: IDEA VIOLATIONS

27. These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through twenty-six of Plaintiffs' *Complaint*.

28. These Defendants deny the allegations as contained in paragraph 28 of the Plaintiffs' *Complaint*.

29. These Defendants deny the allegations as contained in paragraph 29 of the Plaintiffs' *Complaint*.

30. These Defendants deny the allegations as contained in paragraph 30 of the Plaintiffs' *Complaint*.

31. These Defendants deny the allegations as contained in paragraph 31 of the Plaintiffs' *Complaint*.

32. These Defendants deny the allegations as contained in paragraph 32 of the Plaintiffs' *Complaint*.

33. No response is required of these Defendants. However, to the extent a response is required, these Defendants deny the allegations as contained in paragraph 33 of the Plaintiffs' *Complaint*.

## COUNT II: REHABILITATION ACT

34. These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through thirty-three of Plaintiffs' *Complaint*.

35. These Defendants deny the allegations as contained in paragraph 35 of the Plaintiffs' *Complaint*.

36. These Defendants deny the allegations as contained in paragraph 36 of the Plaintiffs' *Complaint*.

37. These Defendants deny the allegations as contained in paragraph 37 of the Plaintiffs' *Complaint*.

## COUNT III: ADA

38. These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through thirty-seven of Plaintiffs' *Complaint*.

39. These Defendants admit the allegations as contained in paragraph 39 of the Plaintiffs' *Complaint*.

40. These Defendants deny the allegations as contained in paragraph 40 of the Plaintiffs' *Complaint*.

## COUNT IV: FEDERAL CONSTITUTIONAL CLAIMS

41. These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through forty of Plaintiffs' *Complaint*.

42. These Defendants deny the allegations as contained in paragraph 42 of the Plaintiffs' *Complaint*.

43. These Defendants deny the allegations as contained in paragraph 43 of the Plaintiffs' *Complaint*.

44. These Defendants deny the allegations as contained in paragraph 44 of the Plaintiffs' *Complaint*.

45. These Defendants deny the allegations as contained in paragraph 45 of the Plaintiffs' *Complaint*.

### COUNT V: DECLARATORY JUDGMENT

46. These Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through forty-five of Plaintiffs' *Complaint*.

47. No response is required of these Defendants. However, to the extent a response is required, these Defendants deny the allegations as contained in paragraph 47 of the Plaintiffs' *Complaint*.

These Defendants deny that the Plaintiffs are entitled to the relief requested in the Prayer for Relief contained in Plaintiffs' *Complaint*.

DATED THIS the 30th day of June, 2005.

        ELMORE COUNTY BOARD OF EDUCATION
        and MARSHALL ANDERSON, Defendants,

By: /S/ James R. Seale
    James R. Seale (3617-E-68J)
    Erika Perrone Tatum (1983-M-66E)
    HILL, HILL, CARTER,
        FRANCO, COLE & BLACK, P.C.
    Post Office Box 116
    Montgomery, Alabama 36101-0116
    (334) 834-7600
    (334) 263-5969 - fax
    E-mail: jrs@hillhillcarter.com
    E-mail: etatum@hillhillcarter.com
    Counsel for Defendants
    wwm/6630.0161/f:Answer.wpd

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Answer on Behalf of Defendants Elmore County Board of Education and Marshall Anderson to Plaintiffs' Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Susan Shirock DePaola (ssdp@mindspring.com); Reginald L. Sorrells, Esquire, (rsorrells@alsde.edu); Larry Craven, Esquire, (lcraven@alsde.edu); and Darnell Coley, Esquire (dcoley@alsde.edu) and that I have this date served a true and correct copy of the foregoing upon Sharon Gilbert Yates, Esquire, 454 South Decatur Street, Montgomery, Alabama 36104; by placing same in the United States Mail, postage prepaid and properly addressed this the 30th day of June, 2005.

        /S/ James R. Seale