RECEIVED

2005 JUL -5 P 4: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| G.H. a Minor, by his mother Juanita Corbett as his next friend and Juanita Corbett )<br>)<br>)<br>)<br>**Plaintiffs** )<br>)<br>v. )<br>)<br>ELMORE COUNTY BOARD OF EDUCATION; MARSHALL ANDERSON, in his Individual and official capacity as Special education coordinator, ALABAMA DEPARTMENT OF EDUCATION; MABREY WHETSTONE in his official capacity as State Director of Special Education Services; Doe Defendants 1-5 )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** )<br>) | Case No.: 2:05CV0541MHTCSC |

## DEFENDANTS' MOTION TO DISMISS & ANSWER TO COMPLAINT

The State of Alabama Department of Education, (hereinafter "Department"), and Mabrey Whetstone (hereinafter, "Dr. Whetstone"), hereby move for dismissal of the Complaint on multiple grounds pursuant to Fed.R.Civ.P. 12 (b). First, the claims based on the Individuals with Disabilities Act, 20 U.S.C. §1400 *et seq.*, §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (a) and the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.* are due to be dismissed because Plaintiff has failed to exhaust her administrative remedies. Plaintiff's other claims set forth in the Complaint are due to be dismissed because they fail to state a claim upon which relief can be granted.

1

I. **INTRODUCTION**

This is an appeal from a Hearing Officer's decision brought against the Department, Director of Special Education for the Department and a School Board, and its Special Education Director, alleging violations of the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. § 1400 *et seq.* and the Alabama Exceptional Children's Education Act, Ala. Code § 16-39-1 *et seq.* [1] Plaintiff alleges disability discrimination claims under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (a) (hereinafter "§504 "), and Title II of the Americans with Disabilities Act, 41 U.S.C. §12101 ("ADA"). Moreover, Plaintiff maintains that her procedural and substantive due process rights were violated under the Fourteenth Amendment to the United States Constitution. [2] At issue is whether Plaintiff can hold the Department and Dr. Whetstone, Special Education Director, liable for their alleged failure to ensure that the Elmore County Board of Education (hereinafter "Board") fully complied with Orders of the hearing officer which were rendered in the proceedings below.

II. **STATEMENT OF THE FACTS AS SET FORTH IN THE COMPLAINT**

Plaintiff, on behalf of her son, G.H., initially instituted this action to secure a free appropriate public education for G.H., a student in the Elmore County School System, who has been previously diagnosed with a certain disability, which makes him eligible for special education services. (Complaint ¶ 10, 11) G.H., is a fifteen (15) year old student who suffers

---

[1] The Alabama Exceptional Children's Act was established to ensure that all eligible children with disabilities, ages 3 through 5 years are provided a free appropriate public education, in accordance with the IDEA.

[2] The undersigned counsel represent the State of Alabama Department of Education and Dr. Mabrey Whetstone in his official capacity.

2

from moderate to severe retardation. (Complaint at "Exhibit A" pg. 3) He is also speech and language impaired. (Complaint at "Exhibit A" pg. 3)

On November 27, 2002, the Plaintiff's mother initiated an administrative due process hearing under the IDEA challenging the Board's provision of educational services to G.H.. (Complaint ¶ 27) The hearing commenced on March 11 and continued on March 12. (Complaint at "Exhibit A" pg. 20) The Hearing Officer found in favor of the Plaintiff by Order dated April 1, 2003. (Complaint at "Exhibit A" pg. 20) On July 12, 2004, Plaintiff initiated a second request for due process with the Department. (Complaint ¶ 17) The purpose of that request for due process was "to force the Board to comply with the first Order of the hearing officer." (Complaint at "Exhibit B" pg. 1)

The Hearing Officer again found that the Plaintiff's claims were viable and awarded to Plaintiff compensatory education, reasonable attorneys' fees and other relief. (Complaint at "Exhibit B" pg. 4) The Plaintiff maintains that the Board failed to comply with the second Order. (Complaint ¶21 ) The parents have now filed the instant action pursuant to the IDEA and applicable federal and state regulations. [3]

III.   **STANDARD**

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) Motion to Dismiss challenges the legal sufficiency of a complaint. It should be granted, as a general rule, only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

[3] The Department maintains that Plaintiff's Complaint is frivolous because the IDEA claims asserted against the Department could have been asserted in the proceedings below. The record reflects that in the proceedings below, the Hearing Officer provided Plaintiff substantial relief in both of his Orders. In this action, Plaintiff is essentially petitioning this Court for enforcement of those Orders. The exhibits attached to the Complaint mention that an "agreement" was reached between the parties, perhaps a breach of contract action in state court would be the appropriate forum for this action.

3

which would entitle him to relief." *Flint v. ABB, Inc.*, 337 F.3d 1326, 1328-29 (11th Cir. 2003). The court should "accept. . . the facts of the complaint as true and view them in the light most favorable to the nonmoving party." *Magluta v. Samples,* 375 F.3d 1269 (11th Cir. 2004). A defendant moving to dismiss a complaint for failure to state a claim upon which relief may be granted sustains "a very high burden." *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986); accord, *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.* 144 F.3d 732, 735-736 (11th Cir. 1998); *Ross v. State of Alabama,* 15 F.Supp.2d 1173, 1180 (M.D. Ala. 1998).

IV.   **ARGUMENT**

**Individuals with Disabilities Education Act & Alabama Exceptional Children's Education Act, Americans With Disabilities Act and Section 504 of the Rehabilitation of 1973**

Congress enacted the Individuals with Disabilities Education Act "to insure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. §1400(b)(6). Throughout the Act, both in its presentation and substance, Congress embedded the unique and defining core element of the IDEA: to "open the door of public education to handicapped children on appropriate terms [rather] than to guarantee any particular level of education once inside." *Board of Education of the Hendrick Hudson Central Sch. Dist. v. Row*ley, 458 U.S. 176, 192 (1982).

The centerpiece of IDEA is the "individualized education program" (IEP), which is a detailed statement "summarizing the child's abilities, outlining the goals for the child's education and specifying the services the child will receive." *Polk v. Central Susquehanna Intermediate Unit*, 853 F.2d 171, 173 (3d Cir. 1988).

4

To protect the integrity of the process surrounding the development of an IEP, the IDEA contains elaborate procedural machinery, the most prominent aspect of which is the "due process" hearing procedure for the prosecution and resolution of complaints relating to the identification, evaluation, or educational placement of the child, or the provision of free appropriate public education (FAPE) to the child. 20 U.S.C. § 1415 (b)(2) and (6). This procedure contemplates an administrative hearing decision and culminates in the right to seek review of the decision by a federal district or state court. 20 U.S.C § 1415 (i) and (2) and 3(A). At the same time parents are obligated to comply with certain procedural requirements, including a requirement to timely request a due process hearing or otherwise timely challenge the school district's educational programming. *See*, e.g., *Combs v. School Bd. of Rockingham County*, 15 F.3d 357, 363 (4th Cir. 1994)("School Boards cannot be expected to be clairvoyant.") and *Garland Indep. Sch. Dist v. Wilks*, 657 F.Supp 1163, 1168 (N.D. Tex. 1987)('the burden of compliance with [IDEA] procedures falls equally on parents as well as school districts.')

Whenever a dispute arises between a school district and parent over educational services for a child, either party can seek an impartial administrative due process hearing. 20 U.S.C. §1415(f)(A), 1515 (f) (3)(A) – (D); Rules of the Alabama State Board of Education 290-8-9-.08 (b)(11). A key component of the procedural safeguards provided under the Act is the due process hearing provided for under §1415(f)(A), 1515 (f) (3)(A) – (D), which speaks of the right of the parent to initiate the hearing. Congress clearly intended the safeguards afforded under section 1415(f) to apply to disputes between parents and the agency responsible for the child's education. The statute presents numerous provisions that permit a parent's involvement in the child's educational plan formation, as well as the ability for a parent to file complaints regarding the child's education. See §§ 1415 (b)(1) and (d)(2)(A).

The hearing officer, who is to be appointed by the state educational agency is authorized to review complaints relating to the "identification, evaluation, or educational placement of the

5

child, or the provision of a free appropriate public education to such child." 20 U.S.C. 1415(f)(1)(A); 1415 (f)(3)(A) – (D) . In Alabama, parties may not conduct discovery while preparing for an administrative hearing. *See*, Alabama Rule of Civil Procedure 81 (b); *Ex parte Ala. Dep't of Envtl. Mgt*, 627 So. 2d 927, 903 (Ala. 1993).

Any party aggrieved by the finding of the state hearing officer can seek judicial review in federal district court. 20 U.S.C. § 1415 (i) (2) and (3)(A), 1415 (1); Rules of the Alabama State Board of Education 290-8-9-.08 (8)(c)11. However, before invoking the federal district court's jurisdiction for relief "that is also available" under IDEA, a party must have fully exhausted its available administrative remedies. 20 U.S.C. 1415 (i)(2) and (3)(A) 1415 (l); *Babicz v. School Bd. of Broward Co.*, 135 F.3d 1420, 1422 (11th Cir. 1998). *Association for Retarded Citizens of Ala. v. Teague*, 830 F. 2d 158, 160 (11th Cir. 1987).

### PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMDIES DEPRIVES THIS COURT OF JURISIDCTION

Plaintiff alleges the following claims under the IDEA:

(1) Department failed to offer a program designed to meet G.H.'s individual needs and/or which conforms to the requirements of the orders. (Complaint ¶22);

(2) Department failed to develop and effectuate policies and procedures which ensure that due process hearing orders are complied with." (Complaint ¶24);

(3) Department failed to monitor and oversee the implementation of the hearing officer's decisions. (Complaint ¶33);

(4) Dr. Whetstone failed to monitor and oversee the implementation of the hearing officer's decisions. (Complaint ¶33);

Pursuant to the exhaustion doctrine, those portions of the Plaintiff's Complaint addressing claims that could have been, but were not raised at the administrative hearing below

must be dismissed. The exhaustion doctrine applies to IDEA claims, such as in the present case, that include overlap and derivative claims under § 1983.

The exhaustion doctrine is recognized in both the IDEA itself, and in case law. IDEA requires complainants to exhaust ADA and Section 504 claims where a violation of IDEA is the basis of that claim. 20 U.S.C. 1415 (i)(2) and (3)(A) 1415 (l). The foregoing statutory provision not only codifies pre-existing case law regarding the exhaustion doctrine as it applies to "pure" IDEA cases, but just as importantly mandates the same doctrine with regard to overlap and derivative actions under the United States Constitution, §504, and § 1983, such as are set forth in the Complaint herein. The fact that plaintiff also seeks money damages under 42 U.S.C. §1983 for violations of the IDEA does not make any difference. "[W]hen parents choose to file suit under another law that protects the rights of handicapped children—and the suit could have been filed under the [IDEA] – they are first required to exhaust the [IDEA]'s remedies to the same extent as if the suit had been filed originally under the [IDEA]'s provisions." *N.B. by D.G. v. Alachua County School Bd.*, 84 F.3d 1376 (11th Cir. 1996).

The Eleventh Circuit has identified four reasons to require exhaustion of IDEA claims: (1) to permit the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error. *Association for Retarded Citizens of Alabama, Inc. v. Teague*, 830 F.2d 158, at 160-161 (11th Cir. 1987).

The exhaustion doctrine is intended to require maximization of the expertise of administrators and economy in the use of procedural devices to challenge official action in the area of special education. There are numerous federal decisions recognizing and invoking this

doctrine in IDEA actions.[4] The exhaustion doctrine requires dismissal of those portions of the Plaintiff's Complaint which address matters and claims that could have been raised during the due process hearing held on March 11 and 12, 2003, because the Department was not a party to that proceeding. (Complaint at "Exhibit A" pg. 20)  If the Plaintiff had made the Department a party to the underlying action, the hearing officer could have heard testimony on all claims against the Department, which pertained to "identification, evaluation, or appropriate public education" for G.H. *Manecke v. School Bd. of Pinellas Co.*, 762 F.2d 912 (11th Cir. 1985).

A simple review of the Complaint reveals, without question, that the instant case does not present "pure" § 1983 claims, §504 claims and ADA claims, but instead is an IDEA case with §1983, §504 and ADA overlap and derivative claims thrown in.  If Plaintiff's approach to file immediately in district court, were permissible, the exhaustion requirements of 20 U.S.C. 1415 (i)(2) and (3)(A) 1415 (l) could be easily circumvented and thus rendered meaningless.

A parent alleging, as here, various violations of IDEA rights and requirements, could simply avoid the IDEA due process procedures by drafting a § 1983 complaint and filing directly with the district court.  That is precisely what IDEA was intended to preclude.  While there are recognized exceptions to the futility argument, the instant case does not fall within any of the rare and unusual categories recognized to date.

In the instant case, Plaintiff alleges numerous IDEA violations and injuries that are vehemently denied by defendants. These are the sorts of contested IDEA allegations that are routinely heard administratively as mandated by IDEA. Plaintiff has failed to exhaust administrative remedies and may not proceed with her §1983 claims for violations of IDEA. Plaintiff's failure to exhaust available administrative remedies deprives this court of subject matter jurisdiction over this suit.

---

[4] A corollary to the exhaustion doctrine, or perhaps just another way of stating the doctrine, is the doctrine of waiver. Where, as here, a party fails to raise an issue at the administrative level, the party is deemed to have waived the issue in a subsequent federal district court action.

**PLAINTIFF'S CLAIMS BROUGHT PURSUANT TO § 504 OF THE REHABILITATION ACT & THE AMERICANS WITH DISABILITIES ACT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Mabrey Whetstone-Official Capacity
§504 of the Rehabilitation Claim / Title II of the ADA

Case law indicates that entities, but not individuals, may be liable under the anti-discrimination provision of § 504 (29 U.S.C. § 794(a)) and the ADA. *See Calloway v. Boro of Glassboro Dept. of Police,* 89 F.Supp.2d 543, 557 (9th Cir. 2000). Individuals acting under color of state law; however, may be held liable under 42 U.S.C. § 1983 for infringements of rights under § 504. *See, e.g., W.B. v. Matula,* 67 F.3d 484 (3d Cir.1995). Here, however, it appears that Dr. Whetstone has been sued in his official, not individual capacity. Plaintiff fails to establish the existence of an official policy and fails to allege facts in her Complaint that Dr. Whetstone, in his role as a policymaker failed to establish a policy, Plaintiff's § 504 and ADA claims cannot be maintained against Dr. Whetstone in his official capacity.

Department of Education
§ 504 of the Rehabilitation Act of 1973/ Title II of the ADA

Plaintiff asserts claims under both the § 504 of the Rehabilitation Act and Title II of the ADA. The Rehabilitation Act provides, in pertinent part, that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability ... be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ..." 29 U.S.C. § 7949(a). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

Claims under the ADA and the Rehabilitation Act are largely the same, except that the defendant must receive federal funds in order to be liable under the Rehabilitation Act. *Kaltenberger v. Ohio College of Podiatric Medicine*, 162 F.3d 432, 436 (6th Cir.1998) (citing *McPherson v. Michigan High School Athletic Ass'n. Inc.*, 119 F.3d 453, 459-60 (6th Cir. 1997). Defendant's liability for damages is contingent upon the Plaintiff showing that Defendant acted "intentionally" or with "deliberate indifference" when they discriminated against the Plaintiff. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that knowledge" *Id*. at 1139. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (The Ninth Circuit utilizes a "deliberate indifference" standard to determine if there has been intentional discrimination on the part of the defendant.) In the present case, it is clear the Department, nor its agents, acted intentionally or with deliberate indifference.

### PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Procedural Due Process

Plaintiff's allegations fail to establish a colorable claim that his due process rights were violated by the Department. IDEA "confers upon disabled students an enforceable substantive right to public education ... and conditions federal financial assistance upon a State's compliance with the substantive and procedural goals of the Act." *Honig v. Doe*, 484 U.S. 305, 310 (1988). To establish a procedural due process claim, Plaintiff must show: (1) that the plaintiff possessed a constitutionally protected interest, (2) that such interest was deprived as a result of government action, (3) and that the deprivation occurred without constitutionally adequate pre- or post-deprivation process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982). The Plaintiff alleges that the Department violated G.H.'s procedural due process rights by failing to comply with

10

IDEA's procedural requirements and by failing to monitor and oversee implementation of the due process hearing orders (Complaint ¶44, 45) In *Smith v. Robinson*, 468 U.S. 992 (1984) the Supreme Court held that "where the IDEA is available to a handicapped child asserting a right . . . based on either the IDEA or the Equal Protection Clause of the Fourteenth Amendment, the IDEA is the exclusive avenue through which the child and his parents or guardian can pursue their claim. Likewise, in the instant case, IDEA is the exclusive avenue through which the Plaintiff and his guardian can pursue their Fourteenth Amendment claims.

Substantive Due Process

Plaintiff maintains that the Department violated G.H.'s substantive due process rights by failing to develop policies and procedures for monitoring and enforcement of due process hearing decisions. (Complaint at § 45) The Department has general supervisory responsibility over the Elmore County Board of Education pursuant to IDEA. See 20 U.S.C. ¶1412(b). Moreover, the Department monitors federal requirements in schools every other year pursuant to 20 U.S.C. ¶1412 (a)(11); 34 C.F.R. 300.600 and Alabama Administrative Code r. 290-8-9-.10(5). Contrary to Plaintiff's Complaint, it is clear that the Department has policies and procedures for monitoring. Accordingly, Plaintiff's substantive due process claim fails to state a claim upon which relief can be granted.

**THE ELEVENTH AMENDMENT BARS PLAINTIFF'S RECOVERY OF MONETARY DAMAGES AGAINST THE DEPARTMENT UNDER THE FOURTEENTH AMENDMENT**

Plaintiff has filed this action seeking to recover monetary damages under the Fourteenth Amendment to the United States Constitution. (Complaint at pages 4, 6, and 7). Eleventh Amendment immunity is a jurisdictional issue that must be decided at the earliest stage of litigation. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998). It is well settled law in the Eleventh Circuit that the Eleventh Amendment to the Constitution of the United States precludes suits by private parties "seeking to impose liability which must be paid from public funds of the state treasury the proper forum is the Board of Adjustment." *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 1356 (1974); *Hufford v. Rodgers,* 912 F.2d 1338, 1341 (11th Cir. 1990) *cert. denied,* 499 U.S. 921 (1991); *Harden v. Adams,* 760 F.2d 1158, 1163 (11th Cir. 1985) *cert. denied,* 474 U.S. 1007, 106 S.Ct. 930 (1985) (court found former faculty member's actions against state university, its board of trustees and officials barred by Eleventh Amendment). The Supreme Court has held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. *Davis v. Alabama State University,* 613 F. Supp. 134 (M.D.Ala. 1985). Here, the Plaintiff has asserted numerous claims against the Department, an agent of the State. Plaintiff's Fourteenth Amendment claims are barred by the Eleventh Amendment.

## V. <u>CONCLUSION</u>

Defendants requests that Plaintiff's complaint be dismissed; that judgment be entered in favor of the Department and Mabrey Whetstone; that Defendants be granted reasonable attorney's fees and costs; and that Defendants be awarded all other and further relief, both general and specific, at law and in equity, to which Defendants may be justly entitled.

## **DEFENDANTS' ANSWER TO COMPLAINT**

For answer to the Complaint filed by Plaintiff, the State of Alabama Department of Education and Dr. Mabrey Whetstone respond as follows:

### Parties

1. Admitted.

2. Defendants are without sufficient information to admit or deny the allocations contained in paragraph 2.

3. Admitted.

4. Defendants are without sufficient information to admit or deny the allocations contained in paragraph 4.

5. Admitted.

6. Defendants are without sufficient information to admit or deny the allocations contained in paragraph 6.

7. Admitted.

8. Admitted.

9. Defendants can neither admit nor deny the allegations regarding "Doe Defendants."

### Jurisdiction and Venue

10. Admitted.

11. Admitted.

### Facts

12. Defendants admit that G.H. is a minor child and is a qualified individual with a disability. Defendants are without sufficient information to admit or deny all the other allegations contained in paragraph 10.

13. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11.

14. Admitted.

15. Admitted.

14. Admitted.

15. Denied.

16. Admitted.

17. Admitted.

18. Denied.

19. Admitted.

20. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20.

21. Defendants admit that plaintiff met the thirty (30) day deadline but has insufficient information to admit or deny whether the Elmore County Board of Education complied with the decision of the hearing officer.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

Count I: IDEA Violations

27. Defendants incorporate by reference its responses to paragraphs 1-26 hereinabove.

28. Denied.

29. Denied.

30. Denied.

31. Defendants are without sufficient information to admit or deny the allocations contained in paragraph 31.

32. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 32.

33. Denied.

## Count II: Rehabilitation Act

34. Defendants incorporate by reference its responses to paragraphs 1-33 hereinabove.

35. Denied.

36. Denied.

37. Denied.

## Count III: ADA

38. Defendants incorporate by reference its responses to paragraphs 1-37 hereinabove.

39. Admitted.

40. Denied.

## Count IV: Federal Constitution Claims

41. Defendants incorporate by reference its responses to paragraphs 1-40 hereinabove.

42. Denied.

43. Admitted.

44. Denied.

45. Denied.

## Count V: Declaratory Judgment

46. Defendants incorporate by reference its responses to paragraphs 1-45 hereinabove.

47. Defendants are without sufficient information to admit or deny the allocations contained in paragraph 47.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted against the State of Alabama Department of Education and against Dr. Mabrey Whetstone in his official capacity.

### SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies as to any issues raised and relief requested in the Complaint other than attorney's fees.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by estoppel, waiver or laches.

### FIFTH DEFENSE

Plaintiff is not entitled as a matter of law to a jury trial on the instant claim.

### SIXTH DEFENSE

The Complaint fails to state any claim upon which relief can be granted against Defendants.

### SEVENTH DEFENSE

Plaintiff has failed to exhaust her administrative remedies as to any issues raised and relief requested in the Complaint.

### EIGHTH DEFENSE

Plaintiff was not the prevailing party in the administrative proceedings as to the Department.

### NINETH DEFENSE

At the time of the due process hearing request, there was no dispute between the Department and the Plaintiff regarding educational services for the minor Plaintiff.

TENTH DEFENSE

This Court lacks subject matter jurisdiction because Article I, § 14 of the Constitution of Alabama (1901), provides that agencies of the state are immune from suit. In addition, the Eleventh Amendment to the United States Constitution bars all claims alleged against the State of Alabama Department of Education for injunctive relief and for money damages.

ELEVENTH DEFENSE

All claims against Dr. Whetstone in his official capacity are due to be dismissed because "[c]laims against officers in their official capacity are 'functionally equivalent' to claims against the entity that they represent" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

TWELTH DEFENSE

No claim under §504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act can be brought against Dr. Mabrey Whetstone an individual, and thus the claims in Plaintiff's Complaint alleging violations of §504 of the Rehabilitation Act and the Americans with Disabilities Act are due to be dismissed. Likewise, Dr. Mabrey Whetstone cannot be held liable under Section §504 of the Rehabilitation Act because he is not a recipient of federal funds.

THIRTEENTH DEFENSE

Plaintiff is not entitled to a declaratory judgment and is not entitled to injunctive relief.

Respectfully submitted,

Reginald L. Sorrells (ASB-1249-E61R
Larry E. Craven, ASB-8610-NSIL
Darnell Coley, ASB-COL-106

**ADDRESS OF COUNSELS**
State Department of Education
Office of General Counsel
5103 Gordon Persons Building
Montgomery, AL 36130
(334) 242-1899 Office
(334) 242-0982 Facsimile

CERTIFICATION OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon the following by placing same in U. S. Mail, first class, postage prepaid, properly addressed as follows on this the 5th day of July, 2005.

Susan Shirock De Paola
1726 West Second Street~Suite B
Montgomery, AL 36106

James Seale
Hill, Hill, Carter, Franco, Cole & Black
P.O. Box 116
Montgomery, AL 36101-0116

_____
OF COUNSEL