IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| G.H., etc., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:05-CV-0541-T |
| | ) | |
| ELMORE COUNTY BOARD OF EDUCATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Upon referral of this case to the undersigned Magistrate Judge for voluntary mediation, pursuant to Local Rule 16.2, it is hereby ORDERED that this matter be and is hereby set for a mediation conference on **Thursday, September 22, 2005, at 1:30 p.m.** in Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama before the undersigned Magistrate Judge. It is further ORDERED as follows:

1.  **REQUIRED ATTENDANCE**. *The attorneys who will try the case shall appear at the Mediation Conference with (a) the parties, (b) a representative having full authority to negotiate and to settle the case on any terms, and (c) in an employment discrimination case, any person under the party's control who is charged in the Complaint with a direct violation of the plaintiff's rights.[1]*

---

[1] This category includes the person named as a harasser or the supervisor or other person who actually initiated or recommended the adverse action. The court recognizes that such non-parties may not be available in all cases and that good cause may warrant that the mediation conference not include such non-parties; in that event, Counsel for the party shall provide reasonable notice to the Court.

2.   **PRIOR SETTLEMENT CONFERENCES.**   Mediation conferences are often unproductive unless the parties have already exchanged demands and offers in a serious effort to settle the case on their own.   If counsel have not held a good-faith, face-to-face settlement conference, as required in the Court's scheduling order, counsel shall confer with each other *before the date of the mediation conference* and make a good-faith effort to settle this case.

Additionally,   prior to the mediation conference, counsel shall confer and attempt to agree upon the form and contents of mutual releases for execution if this case is settled.

3.   **CONFIDENTIAL MEDIATION STATEMENT**.   On or before **Thursday, September 15, 2005**, each party shall deliver *directly to the undersigned Judge* a *confidential mediation statement* which is intended solely for the Court's use in preparing for the mediation conference.   If it is necessary for a party's timely filing, the statement may be transmitted by facsimile directly to the Judge's Chambers at (334) 954-3741.   This confidential mediation statement should *not be filed with,* **or transmitted via facsimile** *to, the Clerk* of the Court  **nor served** upon the other parties. All matters communicated to the undersigned Judge in confidence will be kept confidential and will not be disclosed to any other party or to the trial judge.

**The confidential mediation statement shall be limited to ten (10) pages and should include the following:**

    a.   An estimate of the costs and time to be expended for further discovery, trial preparation, and  trial;

    b.   A pertinent history of the litigation and past settlement discussions,  including the   results of the face-to-face settlement conference;

    c.   An explanation of the party's claims or defenses and a candid assessment of the strengths and weaknesses of those claims or defenses;

    d.    A candid statement of the following:

- ☐ the party's objectives in this litigation;
- ☐ the nature of the relationship between the party and counsel;
- ☐ any sensitive issues or matters;

    e.    The relief sought; IF damages are sought, the party should provide the court with the evidence which supports the request.[2]

    f.    A full and complete explanation of any subrogation claims and how these claims impact on the plaintiff's claim for damages;

    g.    Counsel's candid assessment of any impediments to settlement.

4.    Counsel for the parties should confer with their clients ***before the date of the mediation*** for a ***realistic*** assessment of the value of this case as it relates to reaching a settlement or continuing litigation to a trial.

Done this 12TH day of August, 2005.

    **/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] If claims or defenses are based upon sums of money which are susceptible of objective computation – including backpay, frontpay, premiums, interest payments, pension payments, etc. – the party who asserts such a claim or defense shall provide the Court with a written, updated computation at the mediation conference.