IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| G.H., a Minor, by his mother | * |
| Juanita Corbett as his next friend | * |
| and Juanita Corbett | * |
|         Plaintiffs | * |
| v. | *   Case No.2:05CV0541MHTSCS |
| | * |
| ELMORE COUNTY BOARD OF | * |
| EDUCATION; | * |
| MARSHALL ANDERSON, in his | * |
| Individual and official capacity as | * |
| Special education coordinator | * |
| ALABAMA DEPARTMENT OF | * |
| EDUCATION; MABREY | * |
| WHETSTONE in his official capacity | * |
| as State Director of Special Education | * |
| Services; DOE DEFENDANTS 1-5 | * |
|         Defendants | * |

**MOTION TO SUPPLEMENT
PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

Come now the plaintiffs Juanita Corbett and G. H., by and through their attorneys of record and move this honorable Court to allow supplementation of their previously filed "Response to Defendant State Department of Education and Mabrey Whetstone's Motion to Dismiss." As grounds for said motion the undersigned would show unto the Court the following:

1. On July 26, 2005 the undersigned submitted their "Response to Defendant State Department of Education and Mabrey Whetstone's Motions to Dismiss."
The Brief argues at length on the issue of the duty of the State Department of Education and Mabrey Whetstone to enforce the administrative orders of its hearing officers.

2. On September 14, 2005 the parties to this litigation participated in a telephone conference call with Magistrate Judge Delores Boyd in which the Defendants referred the Court to Amanda S. v. Jefferson County Board of Education. (Case No. 2:03-CV-369-B).

3. Thereafter the undersigned obtained the file in this case and reviewed the "Memorandum Brief in Support of Dismissal of State Defendants." In that brief the State Department of Education by and through its counsel made the following admission. **"The state also assumes responsibility for enforcing administrative decisions made**

1

as a result of that process [due process hearings] **and is, itself, bound by them."** [Emphasis added; Page 3)   The full text of that memorandum brief is attached hereto.[1]

4. This case did not come to the Plaintiff's attention because it is unpublished. We therefore respectfully request that the Court consider this submission in further support of the Plaintiff's response to Defendant's Motion to Dismiss.

Respectfully submitted on this the 22nd day of September, 2005.

S/ Susan Shirock DePaola

Susan Shirock DePaola
1726 West Second Street~Suite B
Montgomery, Alabama  36106
334-262-1600
ASB: 7431-L75S

S/ Susan Shirock DePaola

Sharon Gilbert Yates
454 South Decatur Street
Montgomery, Alabama  36104
334-264-7098
ASB: 3652-A64S

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by ECF or by placing the same in the U.S. Mail first class, postage prepaid and properly addressed as follows on this the 22nd day of September, 2005.

S/ Susan Shirock DePaola

Reginald L. Sorrells
Larry E. Craven
Darnell Coley Office of General Counsel
Alabama State Department of Education
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, Alabama  36104

---

[1] This brief was filed by the same counsel which the Department now seeks to have appointed as outside counsel in the current matter.

2

James R. Seale
Erika Perrone Tatum
PO Box 116
Montgomery, Alabama   36101-0116

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AMANDA S., by and through her ) 
mother and next friend, MOLLY S., )
) 
Plaintiffs, )
v. )
)
JEFFERSON COUNTY BOARD OF )
EDUCATION, et. al., )
)
Defendants. )

Civil Action No. 03-B-369-N

CIVIL ACTION NO. CV-03-B-507-N
(CONSOLIDATED)

THE JEFFERSON COUNTY BOARD )
OF EDUCATION, )
)
Plaintiff, )
)
vs. )
)
WILLIAM STOUT, MOLLY STOUT, and )
AMANDA STOUT, )
)
Defendants. )

## MEMORANDUM BRIEF IN SUPPORT OF DISMISSAL
## OF STATE DEFENDANTS

### PREFACE

In principal part, the subject complaint is in the nature of an appeal from an adverse administrative ruling resulting from a due process hearing conclusion pursuant to 20 U.S.C. § 1415. However, in addition to naming the Jefferson County Board of Education (respondent below), the plaintiffs (petitioners below) have named as defendants the State Department of Education and officials thereof in an apparent attempt to "piggyback" those claims into the appeal involving the local board. Because venue of the action could only be proper if the state

27

defendants are properly parties to the action in the first instance, the question of these defendants' status--and the viability of plaintiff's claims against them--is properly before the Court. For reasons that follow, the claims asserted against the state defendants are due to be dismissed and the remaining claims transferred to the Northern District of Alabama.

## DISCUSSION

Plaintiff's claim against the state defendants is predicated on a misconception of the role of the State Department of Education in the administration and implementation of the Individuals with Disabilities Education Act (*IDEA*). In fact, plaintiff's position is premised on a fundamental misapprehension of the statutory scheme.

Under the *IDEA*, it is the primary responsibility of local boards of education to provide a free appropriate public education to students with disabilities within the meaning of the law. That responsibility is discharged chiefly through the development and implementation of an individualized education plan (IEP) that is developed by an IEP team typically consisting of parent(s), teachers, other school representatives, and other service providers. Parents who disagree with the IEP or with the manner in which it is administered may secure an administrative review and resolution of the issues by means of a "due process" hearing, conducted by an independent hearing officer. Parties who are disappointed with the administrative decision may appeal the decision by means of complaint filed in a court of competent jurisdiction.

To be sure, state education officials exercise important roles with respect to administration and implementation of the *IDEA*. These include provision of an array of monitoring, training, support, and other activities and programs aimed at securing compliance with the law, development of a comprehensive set of state regulations that are designed to clarify

the obligations imposed by the *IDEA* and corresponding federal regulations, and establishment and operation of a system of complaint resolution that includes the "due process" hearing procedure. The state also assumes responsibility for enforcing administrative decisions made as a result of that process and is, itself, bound by them.

While these functions are undeniably important, nothing in the *IDEA* or its administrative regulations suggests that a direct civil action lies against a state education agency because of an actual or claimed breach of duty on the part of a local board of education, particularly when it was not a party to the underlying administrative proceeding. Among other things, such an approach would obliterate the distinction between the function and roles of the state department of education and the local board of education and permit the exhaustion of remedies requirement to be bypassed (indeed, as to the state, ignored altogether). Association for Retarded Citizens of Ala. v. Teague, etc., et al., 830 F.2d 158 (11th Cir. 1987) (rejecting class action claim under IDEA as violative of exhaustion of administrative remedies requirement); *cited with approval*, Doe v. Alabama State Dept. of Educ., 915 F.2d 651, 659 (11th Cir. 1990); *accord*, Hoeft v. Tuscon Unified Sch. Dist., 967 F.2d 1298 (9th Cir. 1992).

Plaintiff's complaint is conspicuously vague as to the precise nature and source of the state defendants' putative obligation, and the manner of its ostensible breach. To the extent a general assertion that the state defendants have "failed to assure" compliance with the IDEA on the part of the local board implies an obligation on the part of the state education agency to prevent every actual or alleged violation of law at the local level, it is unrealistic and plainly at odds with the statutory and regulatory scheme under which the law is administered. Put another way, a direct action against the state is not a "backstop" remedy for a plaintiff who is

disappointed in the outcome of a due process proceeding that is established by statute (and federal regulation) as a primary enforcement mechanism under the *IDEA*.

Available case law on the issue is limited because the foregoing principles are well understood. However, cases that have addressed comparable efforts to bring direct actions against state education agencies have rejected them:

> A state education agency may be a proper party if an action involves claims of "systemic" violations of the *IDEA*. A claim is "systemic" if it "implicates the integrity or reliability of the *IDEA* dispute resolution procedures," or "requires restructuring the education system itself." *Doe v. Arizona Dep't of Educ.*, 111 F.3d 678, 682 (9th Cir. 1997). A claim is not "systemic" if it "involves only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem." *Id.* Plaintiffs allege that State Defendants "have failed to ensure that Minnesota's due process hearing system, its rules and regulations, is consistent with the IDEA and that its hearing officers issue rulings consistent with the IDEA." Compl. ¶ 47. In essence, Plaintiffs' claim is that they collectively are dissatisfied with the decisions made by the hearing officers. The judicial review process is capable of correcting any legal mistakes made in the administrative hearing process. Plaintiffs have failed to set forth sufficient allegations to implicate the integrity of the administrative review process. Plaintiffs' allegations do not rise to the level of "systemic" violation of the IDEA. The administrative and judicial processes are capable of addressing Plaintiffs' allegations of the School's failure to provide a FAPE.
>
> State Defendants neither were involved in the development or implementation of the respective IEPs for Plaintiffs, nor were they parties in the proceedings before the IHOs and the HROs. State Defendants had no role in the administrative decisions related to Plaintiffs, and they are bound by the administrative hearing officers' decisions regarding the same parties and the same issues. 34 C.F.R. § 300.661(c)(2). Plaintiffs have failed to exhaust their administrative remedies against State Defendants. *McGraw v. Bd of Educ. of Montgomery Co.*, 952 F.Supp. 248, 254-55 (D. Md. 1997). Under these circumstances, State Defendants are not proper parties and they are dismissed as defendants in the individual suits to be re-filed. *Moubry v. Kreb*, 58 F.Supp.2d 1041, 1049-50 (D. Minn. 1999; *Glazier v. Indep. Sch. Dist. No. 876, Annandale*, 558 N.W.2d 763, 769 (Minn. App. 1997).

Mahesh Reinholdson, et al. v. State of Minnesota, et al., 2002 WL 31026580 (D. Minn.). Cf. Campbell v. Nye County School District, 68 F.3d 480 (9th Cir. 1995) (plaintiff not excused from exhaustive requirement on class claim that district's alleged overuse of disciplinary suspensions and failure to create IEP's when plaintiff could not show that administrative process itself had structurally "broken down," when alleged violations implicated only one aspect of plaintiffs' education and occurred at one school, when question of deprivation of free appropriate public education required factual inquiry, and when issues could be solved without federal court intervention).

Here, plaintiff makes no claim that the due process hearing process is structurally flawed or systemically inadequate. Indeed, she was afforded a hearing that exceeded twenty days in length and received a favorable ruling on the very point that is the centerpiece of her class claim and her claim against state officials. Rather, as plaintiff's attorney announced in court, the thrust of her case below and now her appeal is an effort to force the Jefferson County Board of Education to embrace her "twenty-first century" viewpoint regarding appropriate pedagogical philosophy and methodology. Assuming *arguendo* that such a litigation agenda can form the basis of any justifiable controversy under the *IDEA*, it does not justify the filing of a direct action against the state education agency or its employees under the circumstances presented.

## CONCLUSION

Plaintiff's complaint generally, and her claims against the state defendants in particular, are not predicated on a claimed breach of any identified statutory or regulatory obligation, and are not directed to the cure or correction of any systemic or structural failure in the administration of the due process hearing mechanism. Rather, plaintiff's attempt to add the state

defendants as parties amounts to an ill-conceived bid to "ratchet-up" the litigation by simply adding new defendants to long-running litigation at the eleventh hour.

Accordingly, the state defendants should be dismissed and the cause transferred to the Northern District of Alabama.

Respectfully submitted,

WILLIAM H. PRYOR, JR.
ATTORNEY GENERAL

ALABAMA DEPARTMENT OF EDUCATION
Office of General Counsel
5103 Gordon Persons Bldg.
50 North Ripley Street
Montgomery, AL 36130-3901
Phone: (334) 242-9700
Fax: (334) 242-0982

Reginald Sorrells (SOR002)
Deputy Attorney General

Anita L. Kelly (KEL028)
Assistant Attorney General

BISHOP, COLVIN, JOHNSON & KENT
1910 First Avenue, North
Birmingham, AL 35203
Phone: (205) 251-2881
Fax: (205) 254-3987

Carl Johnson (ASB 5997-O78C)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **Memorandum Brief in Support of Dismissal of State Defendants** on all counsel of record in this cause by placing a copy of same in the U. S. Mail, postage prepaid, addressed to the following:

> Deborah A. Mattison, Esq.
> Audrey Reitz Channell, Esq.
> Susan Donahue, Esq.
> Wiggins, Childs, Quinn & Pantazis
> 1400 SouthTrust Tower
> 420 20th Street North
> Birmingham, AL 35203-3204

on this the 24th day of November, 2003.

_____
Carl Johnson