## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| G.H. a Minor, by his mother Juanita Corbett as his next friend and JUANITA CORBETT | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Case No.: 2:05-CV-0541-MHT-CSC** |
| | ) | |
| ELMORE COUNTY BOARD OF EDUCATION, et al. | ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

_____

For answer to the Complaint filed by Plaintiff, the State of Alabama Department of Education ("State Department") and Mabrey Whetstone ("Whetstone")[1] respond as follows:

### Parties

1.    Admitted to the best of defendants' knowledge, information, and belief.

2.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph two.

3.    Admitted.

4.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph four.

5.    Denied as stated.  The State Department has certain responsibilities for development and implementation of statewide programs, measures, and processes that are designed to achieve the goals and requirements of state law and the Individuals with Disabilities

[1] The Department and Whetstone are hereinafter collectively referred to as "Defendants."

Education Act ("IDEA") (including the provision of a free, appropriate public education to students who are eligible for same under the law). However, the State Department does not have an unqualified or direct obligation to provide or guarantee the provision of services under the instant circumstances or in the manner sought to be imposed by plaintiffs in the instant action.

6.      Defendants admit that Mabrey Whetstone is the State Director of Special Education. The remaining averments of this paragraph are denied as stated. Dr. Whetstone has administrative and oversight responsibilities with regard to departmental functions. He is not "responsible for all special education programs in the State of Alabama."

7.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph seven. Since fictitious party pleading is not recognized in federal court, defendants assert that the defendants designated as "Does 1-5" are not proper parties and should be stricken.

## Jurisdiction and Venue

8.      Defendants deny that the cited statutes provide a jurisdictional or substantive basis for any claim inserted against them.

9.      Admitted.

## Facts

10.      Defendants admit that G.H. is a minor child with a disability within the meaning of the cited statutes, but defendants deny any and all liability under the cited statutes.

11.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph eleven.

12.      Admitted, but defendants deny any and all liability under the cited statutes.

13.    Defendants admit that the Elmore County Board of Education is a recipient of federal financial assistance.  The remaining averments of this paragraph are denied as stated. The State Department has certain responsibilities for development and implementation of statewide programs, measures, and processes that are designed to meet the goals and requirements of state law and the Individuals with Disabilities Education Act (including the provision of a free, appropriate public education to students who are eligible for same under the law), but does not have an unqualified or direct obligation to provide or guarantee the provision of services in the manner sought to be imposed by plaintiffs in the instant action.  Defendants further deny the allegations of paragraph thirteen to the extent they assert or imply that the provision of special education and related services to students with disabilities is under the direct supervision or control of the State Department.

14.    Defendants deny that the State Department is amenable to suit under the referenced statutes as a "governmental entity" or otherwise.

15.    Denied as stated.  The State Department has certain responsibilities for development and implementation of statewide programs, measures, and processes that are designed to meet the goals and requirements of state law and the Individuals with Disabilities Education Act (including the provision of a free, appropriate public education to students who are eligible for same under the law), but does not have an unqualified or direct obligation to provide or guarantee the provision of services in the manner sought to be imposed by plaintiffs in the instant action.

16.    Denied.

17.    Admitted.

3

18.    Admitted.

19.    Denied.

20.    Denied as stated.  Defendants assert that the referenced decision speaks for itself, is the best evidence of its content, and that plaintiffs' characterization of the decision is inaccurate and/or incomplete.

21.    Denied as stated.  Defendants assert that the referenced decision speaks for itself, is the best evidence of its content, and that plaintiffs' characterization of the decision is inaccurate and/or incomplete.

22.    Denied as stated.  Defendants assert that the referenced decision speaks for itself, is the best evidence of its content, and that plaintiffs' characterization of the decision is inaccurate and/or incomplete.

23.    Denied and denied as stated.  Defendants affirmatively assert that they have met or exceeded their legal obligations, and further assert that, although they have provided substantial financial and other support to implement an appropriate program for G.H., they had and have no obligation to "offer a program" to him.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied and denied as stated.

28.    Denied.

## Count I: IDEA Violations

29.    Defendants re-allege and incorporate by reference their responses to paragraphs 1-28 hereinabove.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

## Count II: Rehabilitation Act

35.    Defendants re-allege and incorporate by reference their responses to paragraphs 1-34 hereinabove.

36.    Denied.

37.    Denied.

38.    Denied.

## Count III: 42 U.S.C. § 1983

39.    Defendants incorporate by reference their responses to paragraphs 1-38 hereinabove.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

## Count IV: Declaratory Judgment

44.    Defendants re-allege and incorporate by reference their responses to paragraphs 1-43 hereinabove.

45.    Defendants deny any and all liability to plaintiffs and deny that plaintiffs are entitled to the relief they seek in paragraph forty-five or to any relief as to the State defendants whatsoever.

46.    Defendants deny any and all liability to plaintiffs and deny that plaintiffs are entitled to the relief they seek in paragraph forty-six or to any relief as to the State defendants whatsoever.

## Prayer for Relief

Defendants deny that Plaintiff is entitled to the relief requested in subparagraphs A through L or to any relief as to state defendants whatsoever.

## AFFIRMATIVE DEFENSES
_____

### FIRST DEFENSE

The First Amended Complaint fails to state any claim upon which relief can be granted against the State of Alabama Department of Education and against Dr. Mabrey Whetstone in his official capacity.

### SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies as to any issues raised and relief requested in the First Amended Complaint.

**THIRD DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by estoppel, waiver or laches.

**FIFTH DEFENSE**

Plaintiff is not entitled as a matter of law to a jury trial the instant claim.

**SIXTH DEFENSE**

The First Amended Complaint fails to state any claim upon which relief can be granted against any Defendant.

**SEVENTH DEFENSE**

Plaintiff was not the prevailing party in the administrative proceedings as to the Department.

**EIGHTH DEFENSE**

At the time of the due process hearing request, there was no dispute between the Defendant and the Plaintiff regarding educational services for the minor Plaintiff.

**NINTH DEFENSE**

This Court lacks subject matter jurisdiction because Article I, § 14 of the Constitution of Alabama (1901), provides that agencies of the state are immune from suit.  In addition, the Eleventh Amendment to the United States Constitution bars all claims alleged against the State of Alabama Department of Education for injunctive relief and for money damages.

**TENTH DEFENSE**

All claims against Dr. Whetstone in his official capacity are due to be dismissed because "[c]laims against officers in their official capacity are 'functionally equivalent' to claims against the entity that they represent" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

**ELEVENTH DEFENSE**

No claim under the Individual with Disabilities Education Act and § 504 of the Rehabilitation Act of 1973 can be brought against an individual, and thus the claims in Plaintiff's First Amended Complaint alleging violations of IDEA and §504 of the Rehabilitation Act against Dr. Mabrey Whetstone are due to be dismissed.  Likewise, Dr. Mabrey Whetstone cannot be held liable under IDEA and §504 of the Rehabilitation Act because he is not a recipient of federal funds.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover damages under 42 U.S.C. § 1983 from the Department for alleged IDEA violations, because she cannot establish that the Defendants had a custom or practice that was the moving force behind the alleged IDEA violations.

**THIRTEENTH DEFENSE**

The Plaintiff is not entitled to money damages under 42 U.S.C. § 1983 for violations of the IDEA because she failed to exhaust the IDEA's administrative remedies.  Exhaustion is required when plaintiffs bring § 1983 suits based on violations of the IDEA.  *See, e.g., N.B. v. Alachua County Sch. Bd.,* 84 F.3d 1376, 1379 (11th Cir. 1996), *cert. denied,* 519 U.S. 1092, 117 S.Ct 769, 136 L.Ed.2d 715 (1997); *W.L.G. v. Houston County Bd. of Educ.* 975 F.Supp. 1317, 1328 (M.D.Ala.1997).

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to a declaratory judgment and is not entitled to injunctive relief.

**FIFTEENTH DEFENSE**

The court lacks subject matter jurisdiction over the State Defendants for the matters and things asserted in the complaint.

**SIXTEENTH DEFENSE**

The statutes cited in plaintiff's first amended complaint do not provide a jurisdictional or substantive basis for any claim asserted against the State Defendants.

Respectfully submitted,

*s/Reginald S. Sorrells*
Reginald L. Sorrells, ASB-1249-E61R
E-mail:  rsorrells@alsde.edu
*s/Larry Craven*
Larry Craven, ASB-8610-NSIL
E-mail:  lcraven@alsde.edu
*s/Darnell Coley*
Darnell Coley, ASB-COL-106
E-mail:  dcoley@alsde.edu
Alabama State Department of Education
Office of General Counsel
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, AL  36130
Phone: (334) 242-1899
Fax:  (334) 242-0982

*s/Carl Johnson*
Carl Johnson, ASB-5997-O78C
E-mail:  carljohnson@bishopcolvin.com
*s/Claire H. Puckett*
Claire H. Puckett, ASB-8125-L74H
E-mail:  clairepuckett@bishopcolvin.com
Bishop, Colvin, Johnson & Kent
1910 First Avenue North
Birmingham, AL  35203
Telephone:  (205) 251-2881
Fax:  (205) 254-3987

Attorneys for Defendant
Alabama State Department of Education

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2005, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

Susan Shirock DePaola, Esq.
E-mail:  ssdp@mindspring.com

Sharon Gilbert Yates, Esq.
E-mail:  sgyates@aol.com

James R. Seale, Esq.
E-mail:  jrs@hillhillcarter.com


*s/Carl Johnson*
Carl Johnson

10